IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ESTATE OF DANNY AMEN VALENTINE-SHABAZZ, | : : | CIVIL ACTION |
| *Plaintiff* | : : | |
| v. | : | NO. 22-CV-3343 |
| ROBERT BUCCINI, *et al.*, | : : | |
| *Defendants* | : : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                              SEPTEMBER 16, 2022

**M E M O R A N D U M**

Plaintiff Danny Amen Valentine-Shabazz, proceeding *pro se*, was issued an Order on September 6, 2022, to show cause why he should not be enjoined from submitting emails to the court. (ECF 173). He filed his responses on September 9, 2022. (ECF 209-211). This Memorandum explains why this Court will enjoin Valentine-Shabazz from submitting any further documents for filing via PAED_DOCUMENTS@PAED.USCOURTS.GOV, the address established by the Court to accept filings by email since the onset of the COVID-19 pandemic.[1]

**I.      LITIGATION HISTORY**

On August 17, 2022, Danny Amen Valentine-Shabazz, a *pro se* litigant, submitted a document for filing via PAED_DOCUMENTS@PAED.USCOURTS.GOV. Although the submission was deficient in numerous respects as a Complaint, including that it was unsigned as required by Federal Rule of Civil Procedure 11, and no filing fee nor application to proceed *in*

---

[1] Beginning in April 2020, *pro se* litigants were permitted to submit documents for filing to PAED_DOCUMENTS@PAED.USCOURTS.GOV pursuant to the Standing Order issued on April 10, 2020. *See In re: Extension of Adjustments to the Court Operations Due to the Exigent Circumstances Created by COVID-19*, at ¶ 15 (E.D. Pa. Apr. 10, 2020). The Standing Order provides that "[p]rocedural rules concerning the form and content of filings are still in effect, and litigants are encouraged to review the Pro Se Notice of Guidelines on the Court website . . . for more information." (*Id.*)

*forma pauperis* was submitted, the Clerk of Court opened a new civil action. *See* Federal Rule of Civil Procedure 5(d)(4) (mandating the Clerk may not refuse to file a submission because it fails to comply with the Federal Rule of Civil Procedure). Valentine-Shabazz subsequently filed an Amended Complaint on August 29, 2022. Because the submissions were deficient, the Court entered an Order on August 29, 2022, directing Valentine-Shabazz to either pay the necessary fees to commence a civil action in this Court, or to file a motion to proceed *in forma pauperis*. (ECF No. 25.)[2] This Order was sent to Valentine-Shabazz on August 29, 2022 at the email address he has utilized for his filings with the Court.

Before the entry of this Order, Valentine-Shabazz submitted to PAED_DOCUMENTS@PAED.USCOURTS.GOV numerous documents for filing that do not comply with the Federal Rules of Civil Procedure, or the Standing Orders and Local Civil Rules of the United States District Court for the Eastern District of Pennsylvania. (*See, e.g.,* ECF Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 26, 27, 28, 29, 30, 31, 32, 33, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69.) All of Valentine-Shabazz's submissions were nonsensical, consisting of, *inter alia*, rambling letters, photographs, news stories about current events, screenshots of websites,

---

[2] The Amended Complaint serves as the governing pleading because it supersedes the prior pleading. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). The caption of the Complaint lists the Plaintiff as "The Estate of Danny Valentine-Shabazz" while the caption of the Amended Complaint does not include this language. (*See* ECF Nos. 1, 24.) The Court construed the Amended Complaint to present claims by Danny Amen Valentine-Shabazz as an individual litigant. (*See* ECF No. 25.) He was advised, however, that if an estate is the Plaintiff in this case, licensed counsel must enter an appearance on its behalf, and it must pay the necessary fees to commence a civil action in this Court. *See id.*; *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) (a non-attorney may not represent other parties in federal court); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993) (an estate may not proceed *in forma pauperis*); *Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009) (*per curiam*) (same).

hyperlinks to YouTube videos, and statutory excerpts. The submissions were oftentimes duplicative and did not contain a caption, nor an indication of the type of pleading or a docket number to indicate if Valentine-Shabazz intended the submission to be filed in an existing case. None contains a signature as required by Federal Rule of Civil Procedure 11.[3]

Consequently, the August 29, 2022 Order directed Valentine-Shabazz to review the Notice of Guidelines for Representing Yourself (Appearing *Pro Se*) in Civil Cases, which was previously provided to Valentine-Shabazz and is available on the Court's website. (*See* ECF Nos. 2, 25.) Valentine-Shabazz was advised that his submissions to the Court must comply with the Federal Rules of Civil Procedure, specifically Rule 11(a), which provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Valentine-Shabazz was also directed that his submissions must comply with the Standing Orders and Local Civil Rules of the United States District Court for the Eastern District of Pennsylvania. Additionally, Valentine-Shabazz was instructed that emailing questions and miscellaneous documents is not an appropriate manner of communicating with the Court, that he shall not send direct email communications to the undersigned, and that all relevant information and papers are to be submitted to the Clerk of Court. Valentine-Shabazz further was warned that he could be subject to a pre-filing injunction if he failed to comply with these directives.

After the entry of the Court's August 29, 2022 Order, Valentine-Shabazz continued to submit a plethora of unsigned documents of the same ilk to PAED_DOCUMENTS@PAED.USCOURTS.GOV. *See, e.g.,* ECF Nos. 34, 35, 36, 37, 38, 39,

---

[3] The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of New York*, No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)).

3

40, 41, 42, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 134, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172.  Typically, Valentine-Shabazz's submissions are sent to numerous email addresses at the same time, including PAED_DOCUMENTS@PAED.USCOURTS.GOV, suggesting that Valentine-Shabazz's use of the Court's email account is not a purposeful attempt to comply with the proper procedures for pursuing a civil case in this Court.  For example, the "FOIA request" docketed at ECF No. 30, which consists of a screenshot of a course description for a course offered by the Harvard Division of Continuing Education, was sent to over twenty-five email addresses, one of which is PAED_DOCUMENTS@PAED.USCOURTS.GOV.  To date, Valentine-Shabazz has sent well over 300 emails to PAED_DOCUMENTS@PAED.USCOURTS.GOV for filing, each of which is nonsensical and none of which complies with the Federal Rules of Civil Procedure, or the Standing Orders and Local Civil Rules of the Eastern District of Pennsylvania.

Notably, this is not the first case in which Valentine-Shabazz has abused the privilege of electronic filing by submitting a volume of nonsensical documents to PAED_DOCUMENTS@PAED.USCOURTS.GOV.  Since July 2021, Valentine-Shabazz has filed nine lawsuits in this Court, including the two most recent Complaints that are currently pending.  *See* Civ. A. No. 21-3011, Civ. A. No. 22-0866, Civ. A. No. 22-0869, Civ. A. No. 22-0884, Civ. A. No. 22-1276, Civ. A. No. 22-1483, Civ. A. No. 22-1508, Civ. A. No. 22-3342, Civ. A. No. 22-3343.  In each case, he has exhibited similar behavior as in this case, *i.e.*, he repeatedly emailed the Court at the Court's filing address with nonsensical submissions that woefully fail to

4

comply with the relevant rules despite having been notified of those rules. Valentine-Shabazz was advised in previous cases that he is required to comply with the Federal Rules of Civil Procedure, as well as the Standing Orders and Local Rules of this district. *See* Civ. A. No. 22-0866 (ECF No. 38), Civ. A. No. 22-0869 (ECF Nos. 25, 43).[4]

Valentine-Shabazz's incessant emails have resulted in the expenditure of considerable Court time in processing and reviewing his submissions. Due to his litigation behavior, this Court filed an Order to Show Cause on September 7, 2022 (ECF No. 173), requiring Valentine-Shabazz to show cause within seven (7) days of the date of the Order, why the Court should not enjoin him from submitting any documents to PAED_DOCUMENTS@PAED.USCOURTS.GOV for filing in an existing case or in a new matter. As noted, Valentine-Shabazz appears to have responded with documents titled "Show Cause part 1" attached to a chain of emails, which will be discussed further below. (ECF Nos. 209-11.)

**II.     DISCUSSION**

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038; *see also Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir.

---

[4]     None of Valentine-Shabazz's previously-filed cases proceeded to screening pursuant to 28 U.S.C. § 1915 due to their deficiencies. Several were dismissed for failure to prosecute after Valentine-Shabazz was given notice and an opportunity to cure his defective filings. *See* Civ. A. No. 22-0866, Civ. A. No. 22-0869, Civ. A. No. 22-0884, Civ. A. No. 22-1276, Civ. A. No. 22-1483. Additionally, none of Valentine-Shabazz's submissions in any of his cases suggests that venue is proper in the Eastern District of Pennsylvania. One of Valentine-Shabazz's prior cases was transferred to the District of Delaware as the events described in the Complaint occurred in Delaware. *See* Civ. A. No. 22-1508. It appears that he resides in either Delaware or Atlanta, Georgia. To the extent he raises claims pertaining to a business, it appears that the business was in Wilmington, Delaware. However, the frivolous nature of his submissions makes a proper assessment of venue difficult.

1990) (noting that a pre-filing injunction is "an extreme remedy that must be narrowly tailored and sparingly used").  The United States Court of Appeals for the Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against *pro se* litigants."  *Brow*, 994 F.2d at 1038.  First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.; see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989).  Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue."  *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987).  Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 994 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).  While "*pro se* litigants are not entitled to special treatment," *Brown v. City of Philadelphia*, Nos. 05-4160, 06-2496, 06-5408, 08-3369, 2009 WL 1011966, at *15 (E.D. Pa. Apr. 14, 2009), the use of a pre-filing injunction against a *pro se* litigant "must be approached with caution."  *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) (*per curiam*) (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)).

This Court concludes that Valentine-Shabazz's abusive litigation activity warrants a pre-filing injunction at this time.  Valentine-Shabazz has demonstrated a continuing pattern of abuse by emailing a volume of submissions to the Clerk of Court that are nonsensical, nonresponsive to this Court's Orders, and noncompliant with the Federal Rules of Civil Procedure, as well as the Standing Orders and Local Civil Rules of the Eastern District of Pennsylvania.  Pursuant to Federal Rule of Civil Procedure 5, the Clerk may not refuse to file a paper solely because it is not in the form prescribed by the Federal Rules.  Consequently, Valentine-Shabazz's serial, nonsensical

email submissions to PAED_DOCUMENTS@PAED.USCOURTS.GOV cause the expenditure of countless resources, judicial and otherwise. While it took little effort for Valentine-Shabazz to send his emails, his actions had serious financial, staffing, and resource allocation implications to the Court.

The Court provided Valentine-Shabazz with notice of the potential injunction and an opportunity to oppose the Court's Order. Since the entry of the Show Cause Order, which Valentine-Shabazz has not responded to, he instead has submitted over ninety additional repetitive, nonsensical emails for filing. (*See, e.g.,* ECF Nos. 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 340, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271-301.) As noted, this Court has treated three of these email submissions as a response to the Show Cause Order. (*See* ECF Nos. 209, 210, 211.) Each response is essentially the same, containing the caption and docket number of this case and each is titled "Show Cause part 1." (*See id.*) Each document is unsigned and contains a rambling recitation that seems to describe business transactions that have gone awry. (*See id.*) These submissions also contain screenshots of Harvard Law School's website. (*See id.*) None of these submissions, however, is responsive to the Court's Show Cause Order. To the contrary, having been placed on notice that an injunction was contemplated, Valentine-Shabazz continued to engage in the same behavior that prompted the Court's Show Cause Order. This clearly indicates he did not take seriously the impact of his litigation activity on scarce judicial

resources. As noted, he has failed to offer any explanation why he should not be enjoined from continuing that behavior.

### III. CONCLUSION

For the reasons and narrative set forth, this Court has provided Valentine-Shabazz with the requisite opportunity to oppose the imposition of a pre-filing injunction. Finding that no good cause has been shown, the Court enjoins Danny Amen Valentine-Shabazz from submitting any email to PAED_DOCUMENTS@PAED.USCOURTS.GOV for filing in an existing case or in a new matter. The injunction is narrowly tailored to fit the particular circumstances of the case at bar, and any other pending or future cases initiated by Valentine-Shabazz, since it will not prevent Valentine-Shabazz from accessing the court system by filing paper documents in accordance with the Federal Rules of Civil Procedure via United States mail or courier, or in person at the Clerk's Office.

Should Valentine-Shabazz submit any email to PAED_DOCUMENTS@PAED.USCOURTS.GOV, the Clerk of Court is directed not to accept it for filing. The Court further notes that, to date, Valentine-Shabazz has failed to pay the required fees or move to proceed *in forma pauperis*, as is necessary to proceed with a civil action in this Court. An Order follows, which includes the directives to the Clerk of Court.

*NITZA I. QUIÑONES ALEJANDRO*, J.